FILED IN THE DISTRICT COURT
MAYES CO., OKLAHOMA

MAR 0 2 2022

JENIFER CLINTON, COURT CLERK
BY _____ DEPUTY

**IN THE DISTRICT COURT OF MAYES COUNTY**
**STATE OF OKLAHOMA**

FLAVIA EVERMAN, individually;  and ) 
ROBERT EVERMAN, individually )
                         )         CV-2022- *18*
        Plaintiffs, )
                         )
v. )
                         )
BOARD OF TRUSTEES OF THE TOWN )
OF ADAIR commonly known as the Town )
of Adair, ADULFO CARLOS, )
individually; NATHAN GODARD, individually; )
                         )
        Defendants. )

## PETITION FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES

**COMES NOW**, the Plaintiffs, Flavia Everman (Flavia) and Robert Everman (Robert) (collectively Plaintiffs) and hereby submit their Petition against Defendant Board of Trustees of the Town of Adair, commonly known as the Town of Adair (Adair), Adolfo Carlos (Carlos) and Nathan Godard (Godard). In support of this Petition, Plaintiffs allege and state the following:

1.       Plaintiffs are husband and wife and reside in Warrenton, Missouri.

2.       Adair is a town and a public entity located in Mayes County, Oklahoma.

3.       Godard is a police officer with the Town of Adair and was a supervisor of Carlos and participated and directed in the unlawful arrest of Plaintiffs.

4.       Carlos was a police officer for Adair at all material times herein.

5.       Adair is a town in Mayes County, Oklahoma.

6.       Godard, Carlos, and Adair were acting under the color of law during the unlawful seizure described herein.

7.       Plaintiffs have numerous claims arising from their unlawful detention and arrest on March 3, 2021 and the prior acts and/or omissions of numerous Adair officials.

1

EXHIBIT 1

8.      Plaintiffs have suffered substantial damages as a result of the civil rights violations, false arrest, negligence, conversion, interference with Claimants' constitutional right to bear and carry arms in violation of Oklahoma law and numerous acts of prior wrongful conduct by Adair.

9.      Prior to filing this action, Plaintiffs complied with the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 *et. seq.* ) (OGTCA) and fully exhausted their administrative remedies. It is further believed that Carlos and Godard were acting within the scope of her employment at all material times herein regarding Plaintiffs' state claims. Alternatively, Carlos and Godard were acting intentionally, maliciously, willfully, and wantonly and as such the protections of the OGTCA should not be made available to them.

10.     Plaintiffs were Defendants in Adair Municipal Court having received citations. Specifically, Flavia was charged with citation number E06540 for "speeding 11 to 14" over and Robert was charged with citation number E06541 for "other Non-traffic related offenses."

11.     Adair is a town pursuant to 11 O.S. § 1-102(13).  Pursuant to 11 O.S. § 12-101, Adair is a statutory Town Board of Trustees Form of Government with the Board of Trustees being the governing body.  Adair has delegated decision making authority to Police Chief Troy G. Parman, Sr. Further, Parman and Godard have been vested with decision making authority by virtue of their prescribed job duties.

12.     On March 3, 2021, Carlos initiated a bogus traffic stop on Plaintiffs when the Plaintiffs' car was being driven by Flavia in the Town of Adair and Robert was a passenger.

13.     Carlos falsely asserted that he stopped Flavia for speeding. Documents produced during a records request in the course of their criminal proceedings definitively proved that

Carlos was lying as the radar in his car shows that Flavia was not speeding and was driving under the speed limit.

14.     Carlos told Flavia he pulled her over because she was driving 58 miles per hour in a 45 miles per hour zone. A blatant false statement of fact. Robert in response to this false statement of Carlos exclaimed b*llsh*t! Carlos immediately yelled at Robert ordered him out of the car, placed handcuffs on him, told him he was under arrest for disorderly conduct. Carlos falsely asserted to Flavia and Godard that Robert called him a "f*ck*ng piece of sh*t" and in his report he falsely stated that Robert called him "a fuc*ing a**hole." Again, the dash cam video completely belies this and conclusively proves the falsehoods of Carlos. Carlos placed Robert in the back seat of his police car and placed handcuffs on him.

15.     Godard arrived on the scene and observed most of the unlawful conduct of Carlos. Godard and Carlos badgered Flavia and insisted that Robert was somehow a threat. Godard and Carlos lied to Flavia and told Robert that Flavia was afraid of him. Carlos asked Robert if he had anger problems and badgered Robert. Carlos took the handcuffs off of Robert and continued to badger him in the presence of Godard. Carlos was insisting (ironically) that Robert had anger problems. Carlos told Robert he was free to leave As Robert was walking away he responded with his opinion of "you are why cops get hurt" in response to Carlos' intimidation conduct. Carlos ordered Robert to stop, and Carlos again ordered him out of the car, told him that "now you caught a felony, you want to play that game?" Carlos handcuffed Robert, turned him around and forcefully grabbed his forearm. This occurred in plain view of Godard, the supposed supervisor. When Robert disclosed that he had a gun on him (undoubtedly because he was afraid of Carlos reacting by shooting him) Carlos responded with "you're gonna threaten me with a gun on you?" When Flavia exited the car to inquire into the condition of her husband she was ordered

back in the car and Godard threatened to arrest her for obstruction if she exited the car again. When Robert told Carlos that his conceal carry was in his wallet Carlos responded with "you're about to lose your conceal carry."

16.     Carlos made false statements of fact in his report and on the scene, this includes lying about Flavia speeding; lying by stating Flavia said she was scared of Robert; lied by stating that Robert resisted arrest; he stated he found a gun and knife while patting Robert down when in fact Robert disclosed to Carlos that he had a weapon in his pocket.

17.     Municipal liability exists as to Adair because of the unconstitutional policy and training under *Monell v. Department of S. Serv.*, 436 U.S. 658 (1978). Adair had an unconstitutional policy and custom unlawfully seizing property, stopping out of town drivers knowing the difficulty for out of state people to contest tickets. Further, Adair hired Carlos and unconstitutionally trained and supervised him. The failure to train by Adair was the result of deliberate indifference to the rights of others. The policy and custom of Adair whether formal or informal, amounted to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.  Moreover, Parman  is a final policymaker delegated to him by Adair. Adair failed to train its officers of the lawfulness of seizing people and property. Moreover, Adair failed to train its employees of the unlawfulness of retaliation. This includes the unlawful seizing of firearms unlawfully as evidence when it is not evidence of any crime, or potential crime. Further the training is insufficient to ensure officers to intervene to unlawful conduct by fellow officers. Carlos has done this on prior occasions on Adair was aware of it. Specifically, on July 11, 2020, Carlos engaged in an unlawful stop, took a firearm and told the passenger that he was going to lose it because he had possession of medical marijuana and did in fact take his

firearm further Carlos engaged in numerous false statements as well. This passenger was also from out of state.

## COUNT I- 42 U.S.C. § 1983 VIOLATIONS OF THE 4TH AMENDMNET OF THE UNITED STATES CONSTITUTION-FALSE ARREST, FALSE DETENTION, FALSE IMPRISONMENT, MALICOUS PROSECUTION AND UNLAWFUL SEIZURE OF PROPERTY

In support of Count I, Plaintiffs restate and reallege the foregoing allegations. Further, Plaintiffs state:

**A. Flavia as to Carlos and Adair Only-False Arrest, Detention and Malicious Prosecution**

18.     That false detention, false arrest, false imprisonment, and malicious prosecution are actionable under 42 U.S.C. § 1983 (1983)

19.     False arrest and false detention are "species" of false imprisonment, those claims are appropriately considered together as false imprisonment. *Wallace v. Kato,* 549 U.S. 384, 388–89 (2007) (explaining that the claims "overlap" because "[e]very confinement of the person is an imprisonment").

20.     As to the initial traffic stop of Flavia, to determine the initial traffic stop, a traffic stop is considered a "reasonable"—and therefore constitutional—seizure only when it comports with the Fourth Amendment where reasonable and articulable suspicion exists to believe that a traffic violation has occurred. *United States v. DeGasso,* 369 F.3d 1139, 1143 (10th Cir. 2004) . None existed, Flavia was not speeding and the radar captured in Carlos' patrol car conclusively establishes this.

21.     Additionally, Flavia was maliciously prosecuted under 1983. This includes Flavia being charged with the above referenced citation, hiring an attorney in Oklahoma, and ultimately having the charges dismissed.

22.     False statements of fact and reckless omissions of Carlos led to the seizure of Flavia and the filing of charges.

23.     That Carlos caused the Flavia's continued confinement or prosecution; the criminal action has terminated in her favor; no probable cause supported the original arrest, continued confinement, or prosecution; Carlos acted with malice; and (5) Flavia sustained damages.

24.     Carlos has acted with reckless indifference to the federally secured constitutional rights of Flavia and as such punitive damages in excess of $10,000.00 should be assessed against them.

25.     That as a result of Adair and Carlos' conduct, Flavia has sustained actual damages in excess of $10,000.00.

26.     That pursuant to 42 U.S.C. § 1988, Flavia should be reimbursed her attorney fees and court costs.

**B. Robert as to Carlos, Godard and Adair-False Arrest, Detention and Malicious Prosecution and Unlawful Seizure of Personal Property**

27.     As to Robert, there was no probable cause to arrest him.  Further, any lawful basis was excessive in scope and duration.  Robert was arrested twice, handcuffs placed on him, placed in the back of a patrol car. This occurred on the first seizure without Godard present and again on the second seizure in plain view of Godard.

28.     Robert was maliciously prosecuted under 1983. This includes being charged with the above referenced citation, hiring an attorney in Oklahoma and ultimately having the charges dismissed.  The false statements of fact and reckless omissions led to the seizure of Robert and the filing the charge.

29.     That Godard, Carlos caused the Robert's continued confinement or prosecution; the original action terminated in favor of the Robert;  no probable cause supported the original arrest, continued confinement, or prosecution;  Carlos and Godard acted with malice; and (5) the Robert sustained damages.

30.     Further, Robert has his property unlawfully seized. This includes his gun and knife.

31.     Possessory interests are protected by the Fourth Amendment to the U.S. Constitution. *Soldal v. Cook County, Illinois*, 506 U.S. 56, 61 (1992); *Winters v. Board of County Comm'rs*, 4 F.3d 848, 853 (10th Cir.1993).

32.     The Fourth Amendment prohibition against unreasonable search and seizure is implicated "when 'there is some meaningful interference with an individual's possessory interests in [the] property.'" *Soldal*, 506 U.S. at 61 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). An unlawful seizure in "[v]iolation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989). "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Jacobsen* , 466 U.S. at 113.

33.     Godard and Carlos have acted with reckless indifference to federally secured constitutional rights of Robert and as such punitive damages in excess of $10,000.00 should be assessed against them.

34.     That as a result of Defendants' conduct, Robert has sustained actual damages in excess of $10,000.00.

35.     That pursuant to 42 U.S.C. § 1988, Robert should be reimbursed his attorney fees and costs.

**COUNT II-1983-VIOLATIONS OF SECOND AMENDMENT OF THE UNITED STATES CONSTITUTIONS-ROBERT AS TO CARLOS, GODARD AND ADAIR**

Plaintiffs restate and reallege the following:

36.     The Second Amendment to the U.S. Constitution states that "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed." U.S. CONST., amend. II.

37.     In *District of Columbia v. Heller*, 554 U.S. 570 (2008) the U.S. Supreme Court confirmed that the right to bear arms is an individual right. *Id.* at 602.   Two years later in *McDonald v. City of Chicago*, McDonald v. City of Chicago, 561 U.S. 742 (2010), the U.S. Supreme Court held that the Second Amendment applies to the states via selective incorporation through the Fourteenth Amendment. *Id.* at 791.  The Supreme Court's landmark 5-4 decision in Heller confirmed that an individual right to possess firearms for historically lawful purposes, such as self-defense in the home and to carry "bear"arms. *Heller,*  554 U.S. at 584.  ("At the time of the founding, as now, to "bear" meant to "carry").  Under *Heller* and *McDonald* the Second Amendment clearly encompasses the right to carry a firearm while traveling in a private vehicle. *See also Young v. Hawaii*, 896 F3d 1044, 1048-1062 (9th Cir. 2018) *Gould v. Morgan*, 907 F.3d 659 (1st Cir. 2018).

38.     Godard, Bustos and Adair violated the Second Amendment rights of Robert by seizing his firearm unlawfully, telling him they would cause his concealed carry to be voided. Moreover, they unlawfully sized it as evidence of a crime. What crime? Other-non-traffic, according to Carlos and Godard. As Carlos stated when asked by Robert what the crime was justified seizing the gun "your behavior."  Adair refused to return it back to Robert for weeks despite numerous requests

39.     A pattern exit of seizing the firearm and property irrespective of it being evidence.

40.     Godard and Carlos have acted with reckless indifference to federally secured constitutional rights of Robert and as such punitive damages in excess of $10,000.00 should be assessed against them.

41.     That as a result of Defendants' conduct, Robert has sustained actual damages in excess of $10,000.00.

42.     That pursuant to 42 U.S.C. § 1988, Robert should be reimbursed his attorney fees and costs.

### COUNT III-1983-FAIULURE TO INTERVENE-ROBERT AS TO GODARD AND ADAIR

Plaintiffs incorporate the foregoing allegations in their entirety. Further, Plaintiffs assert:

43.     Godard failed to intervene to known unconstitutional conduct on Robert.

44.     Godard has acted with reckless indifference to federally secured constitutional rights of Robert and as such punitive damages in excess of $10,000.00 should be assessed against him.

45.     As a result of Godard and Adair's conduct, Robert has sustained actual damages in excess of $10,000.00.

46.     Under 42 U.S.C. § 1988, Robert should be reimbursed his attorney fees and costs.

### COUNT IV- 42 U.S.C. § 1983 – RETALIATION IN VIOLATION OF FIRST AMENDMENT UNDER THE U.S. CONSTITUTION-ROBERT AS TO CARLOS, GODARD AND ADAIR

In support of this count, Plaintiffs restate and re-allege the foregoing.  Additionally, Plaintiffs allege the following:

47.     Carlos and Godard retaliated against Robert for engaging in protected conduct.

This includes Robert exclaiming b*llsh*t to Carlos and later when Robert expressed his opinion that Carlos was a bad cop.

48.     The conduct engaged in by Plaintiff is protected by the First Amendment to the U.S. Constitution. Moreover he conduct during his unlawful arrest was protected conduct. Robert has no duty capitulate to an unlawful arrest.

49.     That retaliated against Plaintiff by causing and conspiring to violate Plaintiff's rights and engendering a false arrest.

50.     Godard and Carlos have acted with reckless indifference to federally secured constitutional rights of Robert and as such punitive damages in excess of $10,000.00 should be assessed against them.

51.      As a result of Godard, Carlos and Adair's conduct, Robert has sustained actual damages in excess of $10,000.00.

52.     Under 42 U.S.C. § 1988, Robert should be reimbursed his attorney fees and costs.

## COUNT V –FALSE ARREST-STATE LAW-ROBERT AND FLAVIA AS TO ADAIR ONLY

Plaintiffs restate and re-allege the foregoing allegations. Further, Plaintiffs state:

53.     Plaintiffs were arrested and such arrest lacked probable cause.

54.     An arrest without probable cause is actionable under Oklahoma law. *Courtney v. Oklahoma*, 722 F.3d 1216, 1223 (10th Cir.2013).

55.     False arrest is an unlawful restraint of an individual's personal liberty or freedom of locomotion" or "an arrest without proper legal authority." *Overall v. State ex rel. Dept. of Public Safety*, 1995 OK CIV APP 107, ¶ 22, 910 P.2d 1087.

56.     As a result of Adair's conduct, Plaintiffs have sustained actual damages in excess

of $10,000.00.

57.     Plaintiffs should be reimbursed their costs.

## COUNT VI-BATTERY- STATE CLAIM-ROBERT AS TO CARLOS

Plaintiffs hereby adopt, re-allege and incorporate by reference the allegations contained in the foregoing paragraphs.

58.     Robert suffered a battery by Carlos as set forth above. Robert suffered physical pain, including bruising and burns as well as emotional distress.

59.     As a result of Carlos' conduct, Robert sustained actual damages in excess of $10,000.00.

60.     Carlos has acted intentionally with malice and with reckless disregard for the rights of others and as such punitive damages should be assessed against him.

61.     Robert should be reimbursed his court costs.

## COUNT VII-MALICIOUS PROSECUTION-STATE CLAIM-ROBERT-AS TO GODARD AND CARLOS-FLAVIA AS TO CARLOS

Plaintiffs restate and re-allege the above. Further, Plaintiffs alleges:

**A.     Flavia as to Carlos**

62.     As to Flavia, Carlos falsely issued her a citation.

63.     Carlos personally participated in the citation of Flavia by writing her a citation knowing it to be false, detaining and seizing her in her car; such citations constitute legal actions and/or claim; the legal action/claim lacked probable cause; the legal action was brought maliciously and was dismissed based on the merits.

64.     As a result of Carlos' conduct, Flavia has sustained damages in excess of $10,000.00.

11

65.     Carlos has acted intentionally with malice and with reckless disregard for the rights of Flavia and punitive damages should be assessed against him.

66.     Carlos should be ordered to reimburse Flavia's costs.

**B. Robert as to Carlos and Godard**

67.     As to Robert, Carlos issued him a citation with the assistance of Godard who observed Carlos and told Carlos the name of the citation to issue him. Further, Godard knew that the citation was bogus.

68.     That Carlos and Godard personally participated in the citation of Robert; such citation constitutes legal action and/or claim; the citation lacked probable cause; the citation was brought maliciously and was dismissed based on the merits.

69.     Robert sustained damages as a result of the described conduct in excess of $10,000.00.

70.     Godard and Carlos acted intentionally with malice and with reckless disregard for the rights of Robert and as such punitive damages should be assessed.

71.     Carlos and Godard should be ordered to reimburse Plaintiff's costs.

## COUNT VIII – FALSE IMPRISONMENT –ROBERT AND FLAVIA AS TO CARLOS AND GODARD

In support of this Count, Plaintiffs restate and re-allege the foregoing allegations as though fully set forth herein and re-alleges her original petition and first amended petition in its entirety as though fully set forth herein. Additionally, Plaintiffs allege the following:

72.     Carlos and Godard intentionally and recklessly caused Plaintiffs to be detained against their will. This includes the initial stop of Flavia and then during the unlawful second arrest of Robert, Godard and Carlos ordered Flavia back to the car and threatened to arrest her if

she left her car. Robert was twice arrested by Carlos without a lawful basis, including the second time observed by Godard and Godard participated in the second arrest.

73.     No lawful basis to detain Plaintiffs existed.

74.     76 O.S. 2 § 6 provides that "[e]very person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm."

75.     Both Plaintiffs were restrained against their will for an appreciable amount of time.

76.     As a result of Godard and Carlos' conduct, Plaintiffs have sustained actual damages in excess of $10,000.00.

77.     Carlos and Godard have acted with reckless disregard for the rights of Plaintiffs and intentionally with malice and as such punitive damages should be assessed against them.

78.     Carlos and Godard should be ordered to reimburse Plaintiffs their court costs.

## COUNT IX-CONVERSION-ROBERT AS TO CARLOS, GODARD AND ADAIR

Plaintiffs restate and re-allege the foregoing allegations. Plaintiffs further state:

79.     Conversion is an unauthorized assumption and exercise of the right of ownership over the personal property of another person that is inconsistent with the rights of the owner.

80.     Robert was the owner of a gun and knife.

81.     Carlos, Godard and Adair dispossessed Robert of his gun and knife. Carlos and Godard were acting within the course and scope of their employment. Alternatively, Carlos and Godard acted maliciously, willfully, and wantonly such that the protections of the OGTCA should not be available to them.

82.     Robert did not consent to the taking of his described property; and was harmed as a result of the conduct of Defendants.

83.     Conversion is the unlawful assertion of property. *Welty v. Martinaire of Oklahoma, Inc.*, 867 P.2d 1273, 1994 OK 10, ¶ 6, *Steenbergen v. First Fed. Sav. & Loan of Chickasha,* 753 P.2d 1330, 1332, 1987 OK 122.

84.     Conversion is defined by Oklahoma law as "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Steenbergen,* 753 P.2d at 1332.

85.     As a result of Adair, Godard and Carlos' conduct, Robert has sustained actual damages in excess of $10,000.00.

86.     Carlos and Godard have acted with reckless disregard for the rights of Plaintiffs and intentionally with malice and as such punitive damages should be assessed against them.

### COUNT X-PETITION FOR INJUNCTION RELIEF AND DAMAGES FOR INTERFERENCE WITH RIGHT TO BEAR ARMS IN VIOLATION OF OKLAHOMA LAW-ROBERT AS TO ADAIR, GODARD AND CARLOS

Robert restates the foregoing. Further, Robert states:

87.     Oklahoma recognizes a strong right to bear arms. This is set forth first in the Oklahoma Constitution. Regarding the right to bear arms, the Oklahoma Constitution states:

> "The right of a citizen to keep and bear arms in defense of his home, person, or property, or in aid of the civil power, when thereunto legally summoned, shall never be prohibited; but nothing herein contained shall prevent the Legislature from regulating the carrying of weapons."

Okla. Const. art. 2. § 26.

88.     To effect this right, Oklahoma has passed a firearm preemption statute. The controlling language of Oklahoma's preemption statute is set forth as follows:

> "The State Legislature hereby occupies and preempts the entire field of legislation in this

14

state touching in any way firearms, components, ammunition, and supplies to the complete exclusion of any order, ordinance, or regulation by any municipality or other political subdivision of this state. Any existing or future orders, ordinances, or regulations in this field, except as provided for in paragraph 2 of this subsection and subsection of this section, are null and void."

21 O.Ş. § 1290.

89.     21 O.S. & 1289.24(D) provides individuals with a right of action, including actual damages and injunctive relief when his right to bear arms is violated:

> **D. When a person's rights pursuant to the protection of the preemption provisions of this section have been violated, the person shall have the right to bring a civil action against the persons, municipality, and political subdivision jointly and severally for injunctive relief or monetary damages or both.**

*Id.* (emphasis added).

90.     Together, the above provisions demonstrates Oklahoma's strong public policy regarding the right to bear arms.

91.     Carlos and Godard were acting within the scope of their employment. Alternatively, Godard and Carlos were acting maliciously, willfully, and wantonly such that the protections of the OGTCA should not be made available to them.

92.     Defendants violated 21 O.S. & 1289.24(D) by causing Robert to be dispossessed of his gun. The gun was seized by Defendants during the unlawful conduct described above. Further, Carlos threatened to cause Robert to "lose his concealed carry." The gun was seized as evidence even though no crime was committed; further, any alleged crime was unrelated to the gun and no justification for taking Robert's gun existed.

93.     Robert seeks to enjoin Defendants from engaging in similar conduct and from seizing firearms from individuals during a traffic stop as evidence of a crime when no crime was committed.  Further, Adair should be enjoined from seizing a gun based on any municipal order, policy, or regulation as the seizing of guns is within the exclusive province of the Oklahoma

15

Legislature as to State law.  A city ordinance or policy is void.

94.     As a result of Defendants' conduct, Robert has sustained actual damages in excess

of $10,000.00.

95.     Punitive damages should be assessed against Godard and Carlos.

96.     Robert should be reimbursed his attorney fees and costs herein.

## CONCLUSION

Wherefore, Plaintiffs respectfully requests an award of actual damages in excess

$10,000.00, punitive damages in excess of $10,000.00, an award of attorney fees and all relief

requested herein and deemed proper by this court.

Brendan M. McHugh, OBA #18422
P.O. Box 1392
Claremore, OK  74018
(918) 608-0111
Fax: (918) 803-4910
Email: brendan@lawinok.com
-and-
Dana Jim, OBA #19495
P.O. Box 1011
Vinita, Oklahoma 74301
Tele: (918) 457-6626
Fax: (918) 517-3431
Email: danajimlaw@gmail.com
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**