IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) FLAVIA EVERMAN, individually; and<br>(2) ROBERT EVERMAN, individually,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>(1) BOARD OF TRUSTEES OF THE TOWN OF<br>ADAIR commonly known as the Town of Adair;<br>(2) ADULFO CARLOS, individually;<br>(3) NATHAN GODARD, individually,<br><br>　　　Defendants. | Case No. 22-cv-00179-CVE-CDL<br><br>Jury Trial Demanded |

# ANSWER

COME NOW Defendants Board of Trustees of the Town of Adair, commonly known as the Town of Adair, Adulfo Carlos and Nathan Godard, by and through their attorneys of record, Steidley & Neal, P.L.L.C., and for their Answer to the removed Petition for Injunctive Relief, Declaratory Relief and Damages allege and state as follows:

1. These Defendants are without sufficient information or belief to either admit or deny the allegations in numerical paragraph 1 of the Plaintiffs' Petition and demand strict proof of same.

2. These Defendants admit the allegations in numerical paragraph 2 of the Plaintiffs' Petition.

3. These Defendants are without sufficient information or belief to either admit or deny the allegations in numerical paragraph 3 of the Plaintiffs' Petition.

4. These Defendants admit the allegations in numerical paragraph 4 of the Plaintiffs' Petition.

5. These Defendants admit the allegations in numerical paragraph 5 of the Plaintiffs' Petition.

6. These Defendants admit Godard and Carlos were acting under the color of law as officers of the Town of Adair; all other allegations are denied in numerical paragraph 6 of the Plaintiffs' Petition.

7. These Defendants are without sufficient information or belief to either admit or deny the allegations in numerical paragraph 7 of the Plaintiffs' Petition and demand strict proof of same.

8. These Defendants deny the allegations in numerical paragraph 8 of the Plaintiffs' Petition.

9. These Defendants admit the allegations in numerical paragraph 9 of the Plaintiffs' Petition and deny that Carlos and/or Godard were acting outside the scope of the OGTCA.

10. These Defendants admit the allegations in numerical paragraph 10 of the Plaintiffs' Petition.

11. These Defendants object to the allegations in numerical paragraph 11 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

12. These Defendants admit Defendant Carlos initiated a traffic stop on March 3, 2021 of Plaintiffs; all other allegations in numerical paragraph 12 of the Plaintiffs' Petition are denied.

13. These Defendants deny the allegations in numerical paragraph 13 of the Plaintiffs' Petition.

14. These Defendants deny the allegations in numerical paragraph 14 of the Plaintiffs' Petition.

15. These Defendants are without sufficient information or belief to either admit or deny the allegations in numerical paragraph 15 of the Plaintiffs' Petition and demand strict proof of same.

16. These Defendants deny the allegations in numerical paragraph 16 of the Plaintiffs' Petition.

17. These Defendants deny the allegations in numerical paragraph 17 of the Plaintiffs' Petition.

18. These Defendants object to the allegations in numerical paragraph 18 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

19. These Defendants object to the allegations in numerical paragraph 19 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

20. These Defendants object to the allegations in numerical paragraph 20 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

21. These Defendants deny the allegations in numerical paragraph 21 of the Plaintiffs' Petition.

22. These Defendants deny the allegations in numerical paragraph 22 of the Plaintiffs' Petition.

23. These Defendants deny the allegations in numerical paragraph 23 of the Plaintiffs' Petition.

24. These Defendants deny the allegations in numerical paragraph 24 of the Plaintiffs' Petition.

25. These Defendants deny the allegations in numerical paragraph 25 of the Plaintiffs' Petition.

26. These Defendants object to the allegations in numerical paragraph 26 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

27. These Defendants are without sufficient information or belief to either admit or deny the allegations in numerical paragraph 27 of the Plaintiffs' Petition and demand strict proof of same.

28. These Defendants deny the allegations in numerical paragraph 28 of the Plaintiffs' Petition.

29. These Defendants deny the allegations in numerical paragraph 29 of the Plaintiffs' Petition.

30. These Defendants deny the allegations in numerical paragraph 30 of the Plaintiffs' Petition.

31. These Defendants object to the allegations in numerical paragraph 31 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

32. These Defendants object to the allegations in numerical paragraph 32 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

33. These Defendants deny the allegations in numerical paragraph 33 of the Plaintiffs' Petition.

34. These Defendants deny the allegations in numerical paragraph 34 of the Plaintiffs' Petition.

35. These Defendants object to the allegations in numerical paragraph 35 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

36. These Defendants object to the allegations in numerical paragraph 36 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

37. These Defendants object to the allegations in numerical paragraph 37 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

38. These Defendants deny the allegations in numerical paragraph 38 of the Plaintiffs' Petition.

39. These Defendants deny the allegations in numerical paragraph 39 of the Plaintiffs' Petition.

40. These Defendants deny the allegations in numerical paragraph 40 of the Plaintiffs' Petition.

41. These Defendants object to the allegations in numerical paragraph 41 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

42. These Defendants object to the allegations in numerical paragraph 42 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

43. These Defendants deny the allegations in numerical paragraph 43 of the Plaintiffs' Petition.

44. These Defendants deny the allegations in numerical paragraph 44 of the Plaintiffs' Petition.

45. These Defendants deny the allegations in numerical paragraph 45 of the Plaintiffs' Petition.

46. These Defendants object to the allegations in numerical paragraph 46 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

47. These Defendants deny the allegations in numerical paragraph 47 of the Plaintiffs' Petition.

48. These Defendants object to the allegations in numerical paragraph 48 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

49. These Defendants deny the allegations in numerical paragraph 49 of the Plaintiffs' Petition.

50. These Defendants deny the allegations in numerical paragraph 50 of the Plaintiffs' Petition.

51. These Defendants deny the allegations in numerical paragraph 51 of the Plaintiffs' Petition.

52. These Defendants object to the allegations in numerical paragraph 52 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

53. These Defendants deny the allegations in numerical paragraph 53 of the Plaintiffs' Petition.

54. These Defendants object to the allegations in numerical paragraph 54 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

55. These Defendants object to the allegations in numerical paragraph 55 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

56. These Defendants deny the allegations in numerical paragraph 56 of the Plaintiffs' Petition.

57. These Defendants object to the allegations in numerical paragraph 57 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

58. These Defendants deny the allegations in numerical paragraph 58 of the Plaintiffs' Petition.

59. These Defendants deny the allegations in numerical paragraph 59 of the Plaintiffs' Petition.

60. These Defendants deny the allegations in numerical paragraph 60 of the Plaintiffs' Petition.

61. These Defendants object to the allegations in numerical paragraph 61 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

62. These Defendants deny the allegations in numerical paragraph 62 of the Plaintiffs' Petition.

63. These Defendants deny the allegations in numerical paragraph 63 of the Plaintiffs' Petition.

64. These Defendants deny the allegations in numerical paragraph 64 of the Plaintiffs' Petition.

65. These Defendants deny the allegations in numerical paragraph 65 of the Plaintiffs' Petition.

66. These Defendants object to the allegations in numerical paragraph 66 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

67. These Defendants deny the allegations in numerical paragraph 67 of the Plaintiffs' Petition.

68. These Defendants deny the allegations in numerical paragraph 68 of the Plaintiffs' Petition.

69. These Defendants deny the allegations in numerical paragraph 69 of the Plaintiffs' Petition.

70. These Defendants deny the allegations in numerical paragraph 70 of the Plaintiffs' Petition.

71. These Defendants object to the allegations in numerical paragraph 71 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

72. These Defendants deny the allegations in numerical paragraph 72 of the Plaintiffs' Petition.

73. These Defendants deny the allegations in numerical paragraph 73 of the Plaintiffs' Petition.

74. These Defendants object to the allegations in numerical paragraph 74 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

75. These Defendants admit the allegations in numerical paragraph 75 of the Plaintiffs' Petition.

76. These Defendants deny the allegations in numerical paragraph 76 of the Plaintiffs' Petition.

77. These Defendants deny the allegations in numerical paragraph 77 of the Plaintiffs' Petition.

78. These Defendants object to the allegations in numerical paragraph 78 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

79. These Defendants object to the allegations in numerical paragraph 79 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

80. These Defendants admit the allegations in numerical paragraph 80 of the Plaintiffs' Petition.

81. These Defendants admit Godard and Carlos were acting under the color of law as officers of the Town of Adair; all other allegations are denied in numerical paragraph 81 of the Plaintiffs' Petition.

82. These Defendants admit Plaintiff did not consent to the taking of certain property; all other allegations are denied in numerical paragraph 82 of the Plaintiffs' Petition.

83. These Defendants object to the allegations in numerical paragraph 83 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

84. These Defendants object to the allegations in numerical paragraph 84 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

85. These Defendants deny the allegations in numerical paragraph 85 of the Plaintiffs' Petition.

86. These Defendants deny the allegations in numerical paragraph 86 of the Plaintiffs' Petition.

87. These Defendants object to the allegations in numerical paragraph 87 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

88. These Defendants object to the allegations in numerical paragraph 88 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

89. These Defendants object to the allegations in numerical paragraph 89 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

90. These Defendants object to the allegations in numerical paragraph 90 of the Plaintiffs' Petition as legal conclusions for which no Answer is required.

91. These Defendants deny the allegations in numerical paragraph 91 of the Plaintiffs' Petition.

92. These Defendants deny the allegations in numerical paragraph 92 of the Plaintiffs' Petition.

93. These Defendants object to the allegations in numerical paragraph 93 of the Plaintiffs' Petition as a prayer for relief for which no Answer is required.

94. These Defendants deny the allegations in numerical paragraph 94 of the Plaintiffs' Petition.

95. These Defendants deny the allegations in numerical paragraph 95 of the Plaintiffs' Petition.

96. These Defendants object to the allegations in numerical paragraph 96 of the Plaintiffs' Petition as a prayer for relief for which no Answer is required.

97. The Defendants deny each and every other allegation in all other causes of action not heretofore controverted.

## AFFIRMATIVE DEFENSES

98. The injuries and/or damages alleged in the Plaintiffs' Petition were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiffs, and without negligence, fault or want of care on the part of these Defendants.

99. The Plaintiffs were negligent and such negligence on their part was the proximate cause of the alleged injuries and/or damages.

100. The Plaintiffs were contributorily negligent, and Plaintiffs' own negligence, comparatively, was greater than the negligence on behalf of the Defendants, if any, and bars recovery in the instant case.

101. Plaintiffs' injuries and damages, if any, are the result of pre-existing or after-acquired conditions or causes not related to the incident in question.

102. The conditions created by the Plaintiffs were the proximate cause of their alleged damages.

103. Plaintiffs' damages, if any, are the result of causes not related to the incident in question.

104. Plaintiffs have failed to state a claim upon which relief may be granted.

105. The Plaintiffs' conduct in the facts of the instant case was an assumption of risk barring recovery.

106. The Plaintiffs have failed to mitigate their damages.

107. Defendants Carlos and Godard were acting within the scope of their employment at the time of the alleged incident with the Plaintiffs and are thus exempt from liability under the Governmental Tort Claims Act.

108. The Defendant Town of Adair and all of its employees acting within the scope of their employment are immune from suit under the doctrine of sovereign immunity and waive this immunity only to the extent and manner provided by the Governmental Tort Claims Act.

109. The Defendant Town of Adair is immune from punitive or exemplary damages in any action for damages.

110. The Defendant Town of Adair may not be held jointly liable with the Co-Defendants. Under the provisions of the Governmental Tort Claims Act, the municipality may only be severally liable for that percentage of total damages that corresponds to its percentage of total negligence, if any.

111. The Defendants Carlos and Godard are entitled to qualified immunity.

112. The Defendant Town of Adair cannot be held liable for any constitutional violation resulting from the acts of its agents, servants, or employees under the doctrine of respondeat superior and/or vicarious liability.

113. The Defendant Town of Adair has not executed, nor implemented, any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by the governmental entity, or found in a pattern of persistent practices known to and approved by the municipality that would be considered unconstitutional.

114. Plaintiffs have failed to set forth any allegation which would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of the municipality.

115. The Defendants reserve the right to add to or amend this Answer until the time of the Pretrial Conference.

WHEREFORE, premises considered, Defendants Board of Trustees of the Town of Adair, commonly known as the Town of Adair, Adulfo Carlos and Nathan Godard pray this Court grant Judgment in their favor and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

STEIDLEY & NEAL, P.L.L.C.

By: _____
Eric D. Janzen, OBA #13826
edj@steidley-neal.com
CityPlex Towers, 53rd Floor
2448 East 81st Street
Tulsa, Oklahoma 74137
(918) 664-4612 telephone
(918) 664-4133 facsimile
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

I hereby certify that on _____, 2022, I served the same document by U.S. Postal Service Courier Service In Person Delivery E-Mail on the following, who are not registered participants of the ECF System: Names(s) and Address(es):

Brendan M. McHugh
P.O. Box 1392
Claremore, OK 74018

Dana Jim
P.O. Box 1011
Vinita, OK 74301

_____
of Steidley & Neal, P.L.L.C.